In re LAKETOWN WHARF MARKET-ING CORPORATION, n/k/a Laketown Wharf Marketing, LLC, Debtor.

Corus Construction Venture, LLC, Plaintiff,

v.

Laketown Wharf Marketing Corporation, et al., Defendants.

Bankruptcy No. 08–40692–LMK.
Adversary No. 09–4009–LMK.

United States Bankruptcy Court, N.D. Florida, Tallahassee Division.

June 7, 2010.

Amy L. Harris, Russell M. Blain, Stichter, Riedel, Blain & Prosser, P.A., Carlton Fields, P.A., Larry M. Foyle, Kass, Shuler, Solomon, Spector et al., Tampa, FL, Charles S. Isler, III, Julie Ann Sombathy, Isler, Sombathy & Sombathy, P.A., Christine D. Smallwood, Bonney & Smallwood, P.A., Joseph Silva, Jr., Joseph Silva, Jr., P.A., Cecilia Redding Boyd, Cecilia Redding Boyd, PA, Panama City, FL, Stephen Michael Corse, White & Case LLP, Miami, FL, Christopher T. Caplinger, LugenBuhl, Wheaton, Peck, et al., New Orleans, LA, Albert J. Stopka, III, Albert J. Stopka III, P.A., Lynn Haven, FL, Robert S. Jones, II, The Law Offices of Bobby Jones, P.A., Clearwater, FL, Shawn M. Heath, Gray-Robinson, P.A., Tallahassee, FL, William Lee Ketchersid, Ward & Ketchersid, P.A., Destin, FL, Joseph Daniel Talmadge, Jr., Morris, Cary, Andrews, Talmadge and Driggers, LLC, Dothan, AL, Alexander W. Peet, Lovelace Law Firm, P.A., Miramar Beach, FL, for Defendants.

Federal Deposit Insurance Corporation, Chicago, IL, pro se.

Can Do Painting & Woodcare LLC, Panama City, FL, pro se.

Custom Glass & Fabricators, LLC, Lynn Haven, FL, pro se.

M & R Drywall Inc., Pompano Beach, FL, pro se.

Seaside Aluminum, LLC, Daytona Beach, FL, pro se.

Sikes Construction Inc., Southport, FL, pro se.

Thyssenkrupp Elevator Corporation, Miami, FL, pro se.

Anthony B. Fair, Statesboro, GA, pro se.

Ahmed M. Abouelazm, Lynn Haven, FL, pro se.

Salah A. Abouelazm, Lynn Haven, FL, pro se.

Christian Adams, pro se.

Thomas K. Aiu, Honolulu, HI, pro se.

Keith Allen, Dacula, GA, pro se.

Ambassador, Inc., Carmel, IN, pro se.

Cherie Anderson, Niceville, FL, pro se.

James Anderson, Niceville, FL, pro se.

Anybody Else L.P., Reno, NV, pro se.

Charles Arant, Chattanooga, TN, pro se.

Joanna E. Arrington, Navarre Beach, FL, pro se.

Bobby J. Atchley, Chattanooga, TN, pro se.

Darrell Atchley, Chattanooga, TN, pro se.

Joyce Atchley, Chattanooga, TN, pro se.

Robert Baker, Newton, AL, pro se.

Tina Baker, Newton, AL, pro se.

William Andrew Baldy, Birmingham, AL, pro se.

Sherry Baltz, Little Rock, AR, pro se.

Kristine Barnes, Huntington Beach, CA, pro se.

Tonda Barron, Louisville, KY, pro se.

Melody Basch, Cullman, AL, pro se.

Ralph Basch, Cullman, AL, pro se.

Michael Baum, Gardiner, NY, pro se.

James Bell, Graceville, FL, pro se.

Denise Best, Norcross, GA, pro se.

Ronald Bigus, Panama City Beach, FL, pro se.

Susan Bigus, Panama City Beach, FL, pro se.

Greg Blooworth, Atlanta, GA, pro se.

Ann Bobo, Trussville, AL, pro se.

Bobby Bobo, Trussville, AL, pro se.

Joseph S. Bond, Memphis, TN, pro se.

Kim B. Bowen, Eastman, GA, pro se.

Juanita Boyd, Tuscaloosa, AL, pro se.

Walter Boyd, Tuscaloosa, AL, pro se.

Heather L. Bradley, Abbeville, AL, pro se.

Roger Bradley, Abbeville, AL, pro se.

Betty Brand, Birmingham, AL, pro se.

Oliver Brand, Birmingham, AL, pro se.

August J. Brescia, Gulf Breeze, FL, pro se.

Michael L. Brewer, Birmingham, AL, pro se.

Bright & Shiny Investments, LLC, Peachtree City, GA, pro se.

Rodrick Brock, Chipley, FL, pro se.

Dean Broeker, pro se.

Rebecca Broeker, Duluth, GA, pro se.

John D. Brooks, Jr., Geneva, IL, pro se.

Lamar Brooks, Dothan, AL, pro se.

Hoffman Brown, Brentwood, TN, pro se.

Leah W. Brown, Pensacola, FL, pro se.

Mark E. Brown, Newman, GA, pro se.

Pamela B. Brown, Franklin, TN, pro se.

Phillip N. Brown, Franklin, TN, pro se.

Thutrang Dind Bui, Joliet, IL, pro se.

Donna S. Burdette, Louisville, KY, pro se.

Robert Burdette, Louisville, KY, pro se.

George Burton, Trussville, AL, pro se.

Mike Bush, Laurel, MS, pro se.

Jonathan Michael Butler, Gainesville, GA, pro se.

Stephanie R. Butler, Gainesville, GA, pro se.

Darrell Campbell, Naples, FL, pro se.

Jeffrey Campbell, Niceville, FL, pro se.

Judith Campbell, Naples, FL, pro se.

Miranda Campbell, Niceville, FL, pro se.

Bobby Cannon, Opelika, AL, pro se.

Janet Cannon, Opelika, AL, pro se.

Margaret Carr, Chipley, FL, pro se.

Charles F. Caudell, III, Nashville, TN, pro se.

Ann Cavaleri, Panama City Beach, FL, pro se.

Donald Cavaleri, Panama City Beach, FL, pro se.

Michael D. Charlow, Owings Mills, MD, pro se.

Patrick Christmas, Orlando, FL, pro se.

Jimmy Christo, Panama City Beach, FL, pro se.

Paul Christo, Panama City, FL, pro se.

David E. Clary, Jasper, GA, pro se.

Kimberly A. Clary, Jasper, GA, pro se.

Carl Clements, Sharpsburg, GA, pro se.

Clements, L.P., Brandon, MS, pro se.

Vicki Clements, Sharpsburg, GA, pro se.

Herman Cobb, Dothan, AL, pro se.

Karen Cobin, Floral Park, NY, pro se.

Hal Coble, Atlanta, GA, pro se.

Barry J. Cohn, Aventura, FL, pro se.

Claudia Cohn, Aventura, FL, pro se.

Morris Cohn, Gardiner, NY, pro se.

Stanley Cohn, Aventura, FL, pro se.

The Colonial Group, Jessup, GA, pro se.

Lisa Compton, Gulf Breeze, FL, pro se.

Randel Compton, Gulf Breeze, FL, pro se.

Blair Conner, Tacoma, WA, pro se.

Garth Conner, Tacoma, WA, pro se.

Diane R. Cooper, Auburn, LA, pro se.

Xuwei Zhao, Panama City, FL, pro se.

Ronald W. Cooper, Auburn, LA, pro se.

David Corbin, Chipley, FL, pro se.

Zenna Corbin, Chipley, FL, pro se.

Christopher Corley, Dallas, GA, pro se.

Lori Corley, Dallas, GA, pro se.

Donal P. Cormack, Broomfield, CO, pro se.

Anna Costine, Tallahassee, FL, pro se.

Roland Costine, Tallahassee, FL, pro se.

Corinne A. Cox, Panama City Beach, FL, pro se.

Thomas Cox, Panama City Beach, FL, pro se.

Michael G. Culbreth, Dothan, AL, pro se.

Nancy Cullen, Chesterfield, MO, pro se.

D.K. III, LLC, Atlanta, GA, pro se.

Martha Daniel, Murray, KY, pro se.

Robert Daniel, Murray, KY, pro se.

Clifford Davis, Friars Point, MS, pro se.

Anthony Dellarose, Forest Hill, MD, pro se.

Joseph Dellarose, Forest Hill, MD, pro se.

Richard S. Demint, Baton Rouge, LA, pro se.

Kelly Demoes, Bakerfield, CA, pro se.

James W. DeRuiter, Panama City, FL, pro se.

Cara Desvigne, Hurricane, WV, pro se.

Michael Desvigne, Hurricane, WV, pro se.

Andrew E. Diersing, Louisville, KY, pro se.

Katrina Diersing, Louisville, KY, pro se.

John Dowd, Fort Walton Beach, FL, pro se.

Elizabeth S. Doyle, Pensacola, FL, pro se.

Michael B. Doyle, II, Pensacola, FL, pro se.

Wanda Duke, Destin, FL, pro se.

Charles Dye, Centre, AL, pro se.

Debbie Dye, Lynn Haven, FL, pro se.

Sheila Dye, Centre, AL, pro se.

Timothy Dye, Fayetteville, GA, pro se.

Gary Dyer, Pelham, AL, pro se.

Robin Dyer, Pelham, AL, pro se.

John B. Dyson, Suwanee, GA, pro se.

Equity Trust Company, as Custodian for the Benefit of Jeffrey A. Gadboys IRA, Sioux Falls, SD, pro se.

Estate of Richard A. Massey, Destin, FL, pro se.

Brenda Estes, Tupelo, MS, pro se.

James L. Estes, Baton Rouge, LA, pro se.

Adahli Estrada-Massey, Auburn, AL, pro se.

Michael Evans, Alpharetta, GA, pro se.

Lian Fang, Panama City, FL, pro se.

Joseph Ferraro, Ontario, Canada, pro se.

Fred W. Fisher, Tuscaloosa, AL, pro se.

Mary Angelyn Fisher, Tuscaloosa, AL, pro se.

Four DCS, LLP, Lauderdale Lakes, FL, pro se.

Tom Frazier, Nashville, TN, pro se.

Ali C. Frohlich, Panama City Beach, FL, pro se.

Keith L. Fuller, Auburn, AL, pro se.

Penny L. Fuller, Auburn, AL, pro se.

Gregg Fusaro, Cincinnati, OH, pro se.

Thomas W. Gabriel, Norcross, GA, pro se.

Jeffrey A. Gadboys, Gulf Breeze, FL, pro se.

Robert George, Tallahassee, FL, pro se.

Sheri Ghori, Dothan, AL, pro se.

Ben Golden, Cumming, GA, pro se.

Marsha Gontarski, Tallahassee, FL, pro se.

Stan Gontarski, Tallahassee, FL, pro se.

Tim Goodwin, Columbus, GA, pro se.

GPW Investments, LLC, Niceville, FL, pro se.

Larry E. Greathouse, Newton, AL, pro se.

Gerald E. Green, Cuthbert, GA, pro se.

Greg L. Unger Investments, LLC, Dothan, AL, pro se.

Jeff Gregory, Dothan, AL, pro se.

Rex Grizzel, Lanett, AL, pro se.

James Grundberg, Brentwood, TN, pro se.

Gulf Investment Group, LLC, Mobile, AL, pro se.

Andrew W. Hamilton, Mabelton, GA, pro se.

Caroline Hamilton, Mabelton, GA, pro se.

Byron Hand, Hampton, GA, pro se.

Kelly Hand, Hampton, GA, pro se.

Betty P. Hannah, Alpharetta, GA, pro se.

David C. Hannah, Alpharetta, GA, pro se.

Yvonne Harris, Mableton, GA, pro se.

Walter Hasselt, Destin, FL, pro se.

Rodney M. Hawthorne, Austin, TX, pro se.

HB Rentals, LLC, Rogers, AR, pro se.

Arina Heath, Dallas, TX, pro se.

Simon Edward Heath, Dallas, TX, pro se.

Peggy Hegwood, Warner Robins, GA, pro se.

Roger Hegwood, Warner Robins, GA, pro se.

Betty R. Herold, Las Vegas, NV, pro se.

Mark Hess, Ebro, FL, pro se.

Richard Hess, Ebro, FL, pro se.

Beth M. Hettrich, Sudbury, MA, pro se.

Steven T. Hettrich, Sudbury, MA, pro se.

Edie Cherie Hewlett, Cumming, GA, pro se.

Robert Troy Hewlett, Cumming, GA, pro se.

Laura L. Hinkebein, Gulf Breeze, FL, pro se.

Michael Hinkebein, Gulf Breeze, FL, pro se.

Robert Hirst, Chesterfield, MO, pro se.

Holley Hobbs, Blakely, GA, pro se.

Dennis D. Hoefle, Huntsville, AL, pro se.

Mark Holman, Panama City Beach, FL, pro se.

Meleane Holman, Panama City Beach, FL, pro se.

Billy Holmes, Dothan, AL, pro se.

Homesafe Homes, LLC, St. Louis, MO, pro se.

Donald R. Hood, Calhoun, GA, pro se.

Jonathan Hood, Oneonta, AL, pro se.

Mary Ruth Hood, Spring, TX, pro se.

Sheila Hood, Calhoun, GA, pro se.

Donna Hooker, Panama City Beach, FL, pro se.

Carl R. Hopson, Eclectic, AL, pro se.

Ramona J. Hopson, Eclectic, AL, pro se.

Charles E. Houston, Coker, AL, pro se.

India H. Howard, Panama City Beach, FL, pro se.

Jennifer Hrastar, Duluth, GA, pro se.

Scott Hrastar, Duluth, GA, pro se.

Joseph Ierardi, Jesup, GA, pro se.

J. Squared Ventures, LLC, Shalimar, FL, pro se.

Jack W. Jackman, Conyers, GA, pro se.

Sherry C. Jackman, Conyers, GA, pro se.

Janet Jaiswal-Adams, Foster City, CA, pro se.

James Beretta, LLC, Lincoln, RI, pro se.

Sandra James, Yorktown, VA, pro se.

Steven James, Yorktown, VA, pro se.

Debra Ann Jarrett, Panama City Beach, FL, pro se.

Stephen Eric Jarrett, Panama City Beach, FL, pro se.

Carey Brent Jean, Franklin, TN, pro se.

Melissa R. Jean, Franklin, TN, pro se.

The JMJ Group, LLC, Alpharetta, GA, pro se.

Brian Johnson, Laverne, CA, pro se.

Janet H. Johnson, Trussville, AL, pro se.

Vreeland G. Johnson, Trussville, AL, pro se.

Ron Jones, Brentwood, TN, pro se.

Sharon C. Jones, Brentwood, TN, pro se.

Stanley Jones, Jesup, GA, pro se.

Eric Joo, Springboro, OH, pro se.

Mark W. Jordan, Dothan, AL, pro se.

W. Steve Jordan, Dothan, AL, pro se.

Kelley Manufacturing Corporation, Mishawaka, IN, pro se.

Gayle Kelly, Naperville, IL, pro se.

Lawrence Kelly, Naperville, IL, pro se.

Carolyn Kendall, Battletown, KY, pro se.

KGS, LLP, Navarre, FL, pro se.

Barbara King, Cincinnati, OH, pro se.

Kevin King, Cincinnati, OH, pro se.

Lisa King, Fayetteville, GA, pro se.

Jeff Kirby, Birmingham, AL, pro se.

Albert Kite, Hampton, GA, pro se.

Brenda Kite, Hampton, GA, pro se.

James Knight, Albany, GA, pro se.

Shelia Knight, Albany, GA, pro se.

M. Neal Kolmetz, Graceville, FL, pro se.

Yolanda Kolmetz, Graceville, FL, pro se.

James R. Lamb, Jr., Jesup, GA, pro se.

Rosslyn Lambert, Lexington, KY, pro se.

Sara Kathryn LaVanche, Gardiner, NY, pro se.

Steve Layton, Lithia Springs, GA, pro se.

Carleton Ledbetter, Opelika, AL, pro se.

Tao Li, Atlanta, GA, pro se.

Charles Lindsey, Phenix, AL, pro se.

Donna Lindsey, Phenix, AL, pro se.

Richard T. Logan, Ozark, AL, pro se.

Brenda Lovering, Dacula, GA, pro se.

Wayne Lovering, Dacula, GA, pro se.

Jerry L. Lowe, Santa Rosa Beach, FL, pro se.

Wayne Lutley, Birmingham, AL, pro se.

Beverly C. Mabry, Pelham, AL, pro se.

James A. Mabry, Pelham, AL, pro se.

Jonathan D. Mahler, Lynn Haven, FL, pro se.

Dan Malatesta, Hockessin, DE, pro se.

Steven T. Malbis, Pensacola, FL, pro se.

Bonnie Manthey, Destin, FL, pro se.

Tony Manthey, Destin, FL, pro se.

Mary Ann Mari, Hemet, CA, pro se.

Ashley Martin, Athens, TN, pro se.

David A. Massey, Auburn, AL, pro se.

Charles Mathis, Arlington, GA, pro se.

Charlotte Mattingly, Guston, KY, pro se.

Mohinder P.S. Mayell, East Hills, NY, pro se.

Neelinder S. Mayell, Brooklyn, NY, pro se.

Lawrence McCallister, Cottonwood, AL, pro se.

Christopher McGarahan, Irvine, CA, pro se.

Kate McIntyre, Folsom, CA, pro se.

Darr Mckeown, Atlanta, GA, pro se.

Katrina L. Medve, Gulf Breeze, FL, pro se.

Martin S. Medve, Gulf Breeze, FL, pro se.

Carolyn Meeks, Leesburg, GA, pro se.

W. Edward Meeks, Leesburg, GA, pro se.

Bill Miller, Dothan, AL, pro se.

Mary Lee Minor, Santa Rosa Beach, FL, pro se.

Mike Minor, Santa Rosa Beach, FL, pro se.

Wendy Mo, Alhambra, CA, pro se.

Cecelia Mobley, Tallahassee, FL, pro se.

Warren Mobley, Tallahassee, FL, pro se.

Peggy Moore, Winfield, AL, pro se.

Wayne H. Morris, II, Montgomery, AL, pro se.

Janet Morris, Montgomery, AL, pro se.

Rich Morse, Florence, AL, pro se.

The Morse Group, Inc., Florence, AL, pro se.

Catherine Mueller, Louisville, KY, pro se.

Charles Mueller, Louisville, KY, pro se.

Timothy Murphy, McCordsville, IN, pro se.

Terry A. Nemish, Dothan, AL, pro se.

Next Door, LLC, Navarre, FL, pro se.

Oak Tree Properties, LLC, Dothan, AL, pro se.

James Ogle, Ashville, AL, pro se.

Rhonda Ogle, Ashville, AL, pro se.

Kenneth Olin, Navarre, FL, pro se.

Ty D. Olson, Tuscaloosa, AL, pro se.

Zvi Orbach, San Jose, CA, pro se.

Igor Palachtchouk, Gardendale, AL, pro se.

Summer Palachtchouk, Gardendale, AL, pro se.

Kathryn Paris, Panama City Beach, FL, pro se.

Kermit Paris, Panama City Beach, FL, pro se.

Paro Physician Services, Inc., Cameron, TX, pro se.

Jon E. Paul, Newnan, GA, pro se.

Angela M. Payne, Louisville, KY, pro se.

Eugene Perlman, Niceville, FL, pro se.

Charles Peters, Tallahassee, FL, pro se.

Brian Pike, Dothan, AL, pro se.

Miguel A. Pinzon, Oxnard, CA, pro se.

Carole S. Pleasants, Panama City, FL, pro se.

Stephen Prince, Brentwood, TN, pro se.

Lisa Pritchard, Cartervilles, GA, pro se.

George Pylant, Dothan, AL, pro se.

Samuel Rainey, Franklin, TN, pro se.

Redmond-Tremmel Investments, LLC, Destin, FL, pro se.

Michael Reznik, Atlanta, GA, pro se.

Steve Reznik, Tallahassee, FL, pro se.

David Rhyne, Enterprise, AL, pro se.

Diane M. Rhyne, Enterprise, AL, pro se.

Kenneth Richardson, Tuscaloosa, AL, pro se.

Rita Richardson, Tuscaloosa, AL, pro se.

Angie Rieper, Destin, FL, pro se.

Jackie Lamar Rister, Headland, AL, pro se.

Jane W. Rister, Headland, AL, pro se.

Michael Robey, Shepherdsville, KY, pro se.

Mark Rubin, Shalimar, FL, pro se.

K.R. Ruggard, Fountain Hills, AZ, pro se.

Dione B. Rye, Eastman, GA, pro se.

Michael Rysanek, St. Louis, MO, pro se.

Sak–Morse Investments LLC, Florence, AL, pro se.

Jon I. Sakugawa, Panama City, FL, pro se.

Jennifer Sapp, Chipley, FL, pro se.

James A. Sapp, Chipley, FL, pro se.

John G. Scapin, Pensacola, FL, pro se.

Michael G Scapin, Cantonment, FL, pro se.

Brian Schulte, Rockport, IN, pro se.

Robert Schulte, Rockport, IN, pro se.

Donald E. Scott, Jr., Dothan, AL, pro se.

Polly W. Scott, Dothan, AL, pro se.

Spence Seal, Santa Barbara, CA, pro se.

Vikki Sealy, Blakely, GA, pro se.

Christine Shimkus, Bkackshear, GA, pro se.

Chad Shultz, Conyers, GA, pro se.

Cleve B. Shultz, Alpharetta, GA, pro se.

Michael P. Skehan, Fort Walton Beach, FL, pro se.

Janice Slade, Discovery Bay, CA, pro se.

James L. Slade, Jr., Discovery Bay, CA, pro se.

Paul Slinkard, Franklin, TN, pro se.

Eric C. Smith, Navarre, FL, pro se.

Richard T. Smith, Jr., Dunwoody, GA, pro se.

Robert W. Smith, Daphne, AL, pro se.

James E. Spink, Milton, FL, pro se.

Thomas Spink, Louisville, KY, pro se.

Debbie St. John, Fayetteville, GA, pro se.

Scott St. John, Fayetteville, GA, pro se.

Jackie Stallings–Evans, Alpharetta, GA, pro se.

Pearl Standifer, Tuscaloosa, AL, pro se.

Gail Stangeland, Navarre Beach, FL, pro se.

Frank C. Steele, Jr., McDonough, GA, pro se.

Stein–Kendrick Partnership, Panama City Beach, FL, pro se.

John W. Stich, LaGrange, GA, pro se.

Neil Strickland, Dothan, AL, pro se.

Suburban Furniture Mart, Inc., Albany, GA, pro se.

Jay Sudkamp, Franklin, TN, pro se.

Judith W. Sulser, Lady Lake, FL, pro se.

Samuel S. Sulser, Lady Lake, FL, pro se.

Brian Scott Sutton, Pensacola, FL, pro se.

R. Scott Swedenburg, Birmingham, AL, pro se.

Regina Taylor, Lawrenceville, GA, pro se.

Todd S. Taylor, Lawrenceville, GA, pro se.

William Edward Teters, Montreat, NC, pro se.

Fletcher Thompson, Blakely, GA, pro se.

Sally Thompson, Blakely, GA, pro se.

Cheryl Tibbitts, Dallas, GA, pro se.

Raymond Tibbits, Dallas, GA, pro se.

Brenda A. Todd, Tuscaloosa, AL, pro se.

O.N. Todd, III, Tuscaloosa, AL, pro se.

James N. Townsend, Lexington, KY, pro se.

James L. Townsend, Lexington, KY, pro se.

Jeremy Townsend, Brandenburg, KY, pro se.

Ramona Townsend, Lexington, KY, pro se.

Toni Traina, Kennesaw, GA, pro se.

Iler D. Tucker, Niceville, FL, pro se.

Peter S. Tychsen, Tallahassee, FL, pro se.

Vacation Escapes, LLC, Nashville, TN, pro se.

Terry S. Varga, Plant City, FL, pro se.

Cheryl Vestal, Panama City, FL, pro se.

James Vestal, Panama City, FL, pro se.

David W. Walker, Tallahassee, FL, pro se.

Len Walker, Germantown, TN, pro se.

Claude R. Wallace, Tuscaloosa, AL, pro se.

Jerry L. Wallace, Coker, AL, pro se.

Pat Wallace, Birmingham, AL, pro se.

Helen R. Webb Rose, Destin, FL, pro se.

Adrienne Webb, Birmingham, AL, pro se.

Wayne Webb, Birmingham, AL, pro se.

Connie Wehner, Headland, AL, pro se.

Michael Wehner, Headland, AL, pro se.

Elmer Werth, Wheatridge, CO, pro se.

Edward Whittington, Brentwood, TN, pro se.

Patsy J. Whittington, Brentwood, TN, pro se.

Charles Tim Wiggins, Dothan, AL, pro se.

Andrew H. Williams, Brentwood, TN, pro se.

Doug Williams, Panama City, FL, pro se.

Glenn J. Williams, Germantown, TN, pro se.

Robert Hanson Williams, Louisville, KY, pro se.

Teresa S. Williams, Germantown, TN, pro se.

Charles Williamson, Gulf Breeze, FL, pro se.

Paul Wisner, Baltimore, MD, pro se.

Sunny Wong, Alhambra, CA, pro se.

James C. Woodard, II, Nashville, TN, pro se.

Keith Woods, Louisville, KY, pro se.

Clay Wylie, Douglasville, GA, pro se.

Rhonda Wylie, Douglasville, GA, pro se.

Wynell Anderson King, L.P., Reno, NV, pro se.

Darla Yearty, Eastman, GA, pro se.

James Yearty, Eastman, GA, pro se.

Lakeshore Holdings, LLC, pro se.

Constance S. Houck, Jamaica Plain, MA, pro se.

Michael H. Crew, Crew & Crew, P.A., Ft. Walton Beach, FL, for Defendants.

## AMENDED ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

LEWIS M. KILLIAN, JR., Bankruptcy Judge.

This matter is before the Court on Corus Construction Venture, LLC's (CCV) Motion for Partial Summary Judgment which seeks a declaratory judgment that defendants Jonathan R. Adkins, et al. and defendants Peter Bell, et al. (collectively, the "Original Purchasers") are not entitled to an equitable lien on the Project Assets [1] and even if they are, that their lien is subordinate to both the CCV's Mortgage and the DIP Lien. Subsequently, the Original Purchasers filed their own Motion for Summary Judgment seeking an equitable lien with priority over CCV's mortgage.

### Background

There are no material facts in dispute regarding the instant motion for summary judgment. Based on the facts, the Original Purchasers are entitled to an equitable vendee's lien. However, the Original Purchasers' equitable lien is subordinate to CCV's mortgage.

On September 7, 2004, Laketown Wharf, LLC [2] ("LTW") submitted draft condominium documents to the Division of Florida Land Sales, Condominiums and Mobile Homes ("DBPR"), for the development of a large condominium project on the panhandle coast of Florida (the "Project Assets"). Two months after the initial submission, DBPR sent a notice regarding deficiencies in LTW's documents and in January of the following year, LTW responded by submitting remedial amendments.

Prior to receiving approval, LTW began soliciting and signing condominium purchase agreements with certain purchasers, providing them with the original draft condominium documents. Among those purchasers are the Adkins and Bell defendants. All purchasers tendered deposits which were divided into two escrow ac-

---

1. The Project Assets consist of: (a) The real property commonly described as 9902 South Thomas Drive, Panama City Beach, Florida, and legally described as set forth in the public records of Bay County, Florida, as File No. 2005037998, Official Record Book 2609, at Page 391, and an adjacent office building commonly known as the Sunsations Property, located at 10279 Front Beach Road, Panama City, Florida; (b) 765 residential condominium units and approximately 91,000 square feet of commercial units available for the development of offices, restaurants and retail shops; and (c) common areas and amenities.

2. Laketown Wharf, LLC was and is a Florida limited liability company, with its principal place of business located in Destin, Florida.

412

counts. One held the initial deposits which contained 10% of the purchase price of each condo unit. The other account held any deposit money in excess of the 10% (the "Special Deposits"). Each purchase agreement contained a provision that allowed the developer to use the Special Deposits for construction purposes. The deposit provision reads:

ANY PAYMENT IN EXCESS OF TEN PERCENT (10%) OF THE PURCHASE PRICE MADE TO THE DEVELOPER PRIOR TO CLOSING PURSUANT TO THIS CONTRACT MAY BE USED FOR CONSTRUCTION PURPOSES BY THE DEVELOPER, AND THE BUYER SHALL HAVE NO RIGHTS TO PLACE ANY LIENS ON PROPERTY OWNED BY THE DEVELOPER WITH REGARD TO SUCH FUNDS.

In addition, the agreement also subordinated any lien rights the purchaser may have, to any mortgage on the property for development of the Project Assets. The subordination clause reads:

*LIENS PRIOR TO CLOSING.* Any mortgage or lien now or hereafter encumbering the real estate of said Unit will be discharged or released at or prior to Closing, but until such discharge or release, BUYER acknowledges and agrees that his rights hereunder are subordinate to the lien of any mortgage or second mortgage for the acquisition, development or construction of the Unit or the Condominium which now or shall hereafter encumber said property prior to Closing.

With signed purchase agreements in hand, LTW soon received financing for the construction of the Project Assets.

On April 1, 2005, Corus and LTW entered into a construction loan agreement in the maximum principal amount of $146,300,000 to be used to construct the

Project Assets, granting Corus a first mortgage on the Project Assets. On May 16, 2005, Corus recorded its mortgage in the public records of Bay County, Florida. On May 3, 2005, LTW and defendant Laketown Funding, LLC ("Laketown Funding") entered into a Loan Agreement for $43,000,000 also secured by a mortgage encumbering the Project Assets (the "Mezzanine Mortgage Liens"). Subsequently, LTW and defendant Walton Construction Company, LLC ("Walton") entered into a promissory note for $9,000,000 secured by a third mortgage (the "Junior Mortgage Lien").

On July 8, 2005, DBPR sent a notice of approval based on the amended condominium documents submitted in January of 2005. Purchasers who signed contracts after July 8, 2005 received copies of the approved condominium documents. Although, LTW was required to provide copies of the approved documents to purchasers who signed prior to approval, LTW did not provide them. About two years later, on September 14, 2007, LTW submitted to DBPR additional amendments to the condominium documents which were approved a month later. Again, LTW was required to furnish copies of the 2007 modifications to all of the purchasers; however, none of the purchasers were given copies of the 2007 amendments. Although all of the Adkins and Bell Defendants received some form of the condominium documents, none of them received the 2007 amendments.

In 2007 and 2008, the purchasers sent LTW notices of cancellation of their contracts demanding the return of their entire deposits, however, LTW did not respond. By then, LTW had used substantially all the purchasers' Special Deposits in the construction of the Project Assets. LTW also defaulted on the Corus mortgage.

Following default, Corus formed Debtor, Laketown Wharf Marketing Corporation,

as a wholly-owned subsidiary. On September 12, 2008, the Debtor became the 100% owner and developer of the Project Assets. The Debtor took an assignment of all contracts, earnest-money deposits and other rights of LTW, specifically including the condominium purchase agreements. The Debtor assumed all of the obligations of LTW including the Corus mortgage. The deed from LTW to the Debtor was recorded without releasing either the amount due under the Corus note or the security interests evidenced by Corus' mortgage.

On September 29, 2008, (the Petition Date) the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code in the Northern District of Florida. As of the Petition Date, the Debtor was liable to Corus in the liquidated amount of $130,582,237.92. On November 13, 2008, Corus filed a proof of claim evidencing its pre-petition security interest in the Project Assets. On December 1, 2008, the Debtor obtained additional financing from Corus under the terms of the Final Order Authorizing Debtor to Obtain Post-petition Financing.

On September 11, 2009, Corus was closed by the Office of the Comptroller of the Currency and the Federal Deposit Insurance Corporation ("FDIC") was appointed as the receiver for Corus. On October 15, 2009 the FDIC transferred its rights, title and interest to CCV.

Certain of the parties named as defendants to Count I of this adversary proceeding (including the Original Purchasers) have asserted, in litigation filed before and after the Petition Date, that they have equitable liens in and to some or all of the Project Assets. Some of those adversary proceedings were original actions while others were removed from state court actions pending in the Circuit Court of the Fourteenth Judicial Circuit Bay County, Florida. On February 10, 2009, Corus filed this adversary proceeding (No. 09–4009) seeking declaratory judgments determining the validity, priority, perfection and extent of any asserted or purported liens on the Debtor's assets. The defendants to this adversary proceeding include:

(A) All individuals or entities who claim that they have Equitable Lien encumbering some or all of the Project Assets;

(B) All individuals or entities who have recorded Mechanics Liens against the Real Estate;

(C) Laketown Funding, as holder of the Mezzanine Mortgage Liens; and

(D) Walton, as holder of the Junior Mortgage Lien and the Walton Mechanics Lien.

On June 2, 2009, due to the importance of the issues in this adversary proceeding and in order to promote judicial efficiency, this court stayed certain actions and consolidated all the factual and legal issues regarding the validity, perfection, priority and extent of any asserted liens on the assets of the Debtor as to adversary proceeding nos. 09–4001, 09–4003, 09–4004, 09–4005, 09–4006, 09–4007. The value of the Debtor's assets in the current real estate market is not sufficient to satisfy the recorded mortgages. Therefore, the only chance for recovery by the Original Purchasers of their special deposits, should they prevail on their rescission claims, would be for them to be awarded equitable liens on the assets with priority over the mortgages. The consolidation order also directed all litigation pertaining to those issues to take place only as part of this adversary proceeding. The facts recited herein were stipulated for the purpose of this adversary in order to decide the issues regarding lien priority before further proceedings in all the other adversaries.

### Summary Judgment Standard

Federal Rule of Civil Procedure 56(c)(2), made applicable hereto by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). Where, as here, there are no material facts in dispute and the only issues before the Court are questions of law, summary judgment is particularly appropriate. See *Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir.2003) (summary judgment granted where "the district court had all the information necessary to rule on the legal issues, and [non-moving party] raised no genuine question of material fact"), cert. denied, 541 U.S. 988, 124 S.Ct. 2017, 158 L.Ed.2d 491 (2004); *AmSouth Bank, N.A. v. Orix Credit Alliance, Inc. (In re Delta Res., Inc.)*, 162 B.R. 562, 566 (Bankr. N.D.Ala.1993) (summary judgment granted for plaintiff in dispute over priority of security interest where all facts were undisputed and only question before court was one of law).

### Discussion

This Court has subject matter jurisdiction to this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 1334(e). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(B) and 157(b)(2)(K). Venue of this Adversary Proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

CCV seeks a declaratory judgment on (1) whether the Original Purchasers are entitled to an equitable vendee's lien in the amount of their Special Deposits on the Project Assets and if so, (2) whether that lien is subordinate to the Corus mortgage and DIP liens. The Final Order Authorizing Debtor to Obtain Post-petition Financing makes it clear that the DIP liens are superior to the purchasers' equitable liens. Similarly, even though the purchasers are entitled to an equitable lien, the subordination clause and Florida law are clear that Corus' mortgage has priority over the Original Purchasers' equitable liens.

### Equitable Lien

 Under Florida law, equitable liens "are used to remedy those situations where there is either an absence of an available lien or no adequate remedy at law.'" *Woodard v. Synovus Bank of Tampa Bay (In re Alford)*, 403 B.R. 123, 134 (Bankr.M.D.Fla.2009) (quoting *In re Bob Cooper, Inc.*, 65 B.R. 609, 612 (Bankr. M.D.Fla.1986)). Florida law continues to recognize that equitable liens are particularly appropriate where the primary debtor has become insolvent. *Jones v. Carpenter*, 90 Fla. 407, 106 So. 127 (1925); *Palmer v. Edwards*, 51 So.2d 495 (Fla. 1951); *Tucker v. Prevatt Builders, Inc.*, 116 So.2d 437 (Fla. 1st DCA 1959). This court has stated that "insolvency of a defendant operates to destroy the adequacy and efficacy of the legal remedy ordinarily sought … and thus allows a court to consider granting an equitable remedy" *In re Dunston*, No. 04–40114–LMK, 2006 WL 1062573, at *9 (Bankr.N.D.Fla. Mar. 22, 2006) (quoting *La Mar v. Lechlider*, 135 Fla. 703, 709, 185 So. 833, 836 (1939)).

 One form of an equitable lien is a vendee's lien. Florida law recognizes a vendee's lien as a remedy afforded to real estate purchasers in their recovery for money paid on the contract. *In re Ecoventure Wiggins Pass, Ltd.* 419 B.R. 875, 880 (Bankr.M.D.Fla.2009) (vendee's lien appropriate where deposits paid and contract canceled by developer in bankruptcy); *Parra v. Minto Town Park, LLC*, No. 08–14168–CIV, 2008 WL 4773272, at *4

(S.D.Fla. Oct. 30, 2008) (recognizing use of vendee's lien but denied as facts did not warrant lien); *Sparks v. Charles Wayne Group*, 568 So.2d 512, 515 (Fla. 5th DCA 1990) (vendee's lien appropriate where deposit was paid by non-defaulting party). A vendee's lien may be used by a purchaser to secure payment even when the express terms of the contract are silent on recovery. *Ecoventure*, at 880. A vendee's lien is used by a court "for the purpose of doing justice." *Id.* (quoting *Sparks* 568 So.2d at 515–17). Most importantly, the relations of the parties as well as the circumstances of their dealings will determine how a vendee's lien is applied. *Jones*, at 408, 127.

Under the stipulated facts for purposes of this motion, the Original Purchasers properly voided their contracts and are entitled to a refund of their deposits. Substantially all of the Special Deposits have been used in the construction of the Project Assets. They also do not have an adequate remedy at law to recover their Special Deposits given the bankruptcy of the Debtor. The Original Purchasers have no method of recovery except through asserting an equitable lien against the Project Assets. Therefore, it is appropriate to allow the Original Purchasers to assert an equitable vendee's lien in order to aid recovery of the Special Deposits for the purpose of justice. However, even though the Original Purchasers may assert an equitable vendee's lien, it may be of little value given the priority of the lien set by both the subordination clause and as a matter of Florida law.

### Subordination Clause

 Florida law recognizes subordination clauses. The *Ecoventure* court found that the purchasers under the Purchase and Sale Agreements, may be entitled to assert equitable vendees' liens against the condominium units, however, the purchasers expressly agreed under a subordination provision that the Bank's mortgage was superior in right and priority to any claims that the purchasers might claim as vendees. *Ecoventure*, at 881. The court reasoned that where "contracting parties are free to agree as to their respective rights and remedies in the event of default," the purchasers agreed to subordination and that "[s]uch agreements are generally enforceable under Florida Law." *Id.; Seaside Community Development Corp. v. Edwards*, 573 So.2d 142, 147 (Fla. 1st DCA 1991) ("parties to a contract have agreed upon a remedy in the event of a breach, their agreement will control, provided the remedy is mutual, unequivocal and reasonable' "); *Ament v. One Las Olas, Ltd.*, 898 So.2d 147, 151 (Fla. 4th DCA 2005) (parties may contractually limit damages for breach); *Parra*, at *4; *Posnansky v. Breckenridge Estates Corp.*, 621 So.2d 736, 737 (Fla. 4th DCA 1993) (court found that purchaser executed an agreement to subordinate any interest he had under the contract to a certain mortgage and such agreement was "dispositive" of the priority issue). Likewise, by signing the subordination clause, the Original Purchasers expressly agreed to subordinate any lien claims to CCV's mortgage.

 Not only may subordination clauses be held enforceable, they may not be voided by a single party when there exists an intended third-party beneficiary to the clause. In *Coral Lakes Community Ass'n Inc. v. Busey Bank N.A.*, 30 So.3d 579 (Fla. 2nd DCA 2010), a bank sought to foreclose on a home and named the home owner's association as a defendant because of the association's claim for unpaid common expenses. The home owner's association argued that they had priority over the bank's mortgage because of a recent statute which authorized a lien on the home. The *Coral Lakes* court found that, apart

from the impermissibility of statutes being applied retroactively, the bank could not have its contract based priority disturbed by statute because the bank was the intended third-party beneficiary of a subordination clause. Similarly, although a contract may be voided as a whole, the lien priority set by a contract which granted rights to third parties should not be disturbed.

The Original Purchasers, under section 10 of each Purchase Agreement, agreed to a subordination clause which read that their "rights hereunder are subordinate to the lien of any mortgage or second mortgage for the acquisition, development or construction of the Unit or the Condominium." CCV, by virtue of being an intended third-party beneficiary of the subordination clause, may not have this benefit defeated by operation of the avoidance of the contracts by the Original Purchasers. Allowing the Original Purchaser's equitable lien to be superior in priority to the Construction Mortgage would impair CCV's contractual rights, i.e., its vested lien priority. *Id.* at 583 ("A vested right has been defined as an immediate, fixed right of present or future enjoyment' and also as an immediate right of present enjoyment, or a present fixed right of future enjoyment' " (quoting *Pearsall v. Great N. Ry. Co.*, 161 U.S. 646, 673, 16 S.Ct. 705, 40 L.Ed. 838 (1896))); *City of Sanford v. McClelland*, 121 Fla. 253, 257, 163 So. 513, 514–15 (1935).

### Recording Statute

■■■■ Florida' recording statute states that, "No conveyance, transfer, or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law." § 695.01,

Fla. Stat. (2005). As a matter of Florida law, "[i]n general, unrecorded rights such as constructive trusts or equitable liens are inferior to rights subsequently acquired without actual notice of earlier unrecorded rights." *Williams v. Aloisi*, 271 B.R. 676, 686 (M.D.Fla.2002). (citing *F.J. Holmes Equip., Inc. v. Babcock Bldg. Supply, Inc.*, 553 So.2d 748, 750 (Fla. 5th DCA 1989)). The Original Purchasers' equitable lien is junior in priority to the Construction Mortgage as a matter of Florida law because CCV had no constructive or actual notice of the equitable lien.

As for constructive notice, the Original Purchasers did not record any equitable liens in the office of the Clerk of Bay County, Florida prior to May 16, 2005. Therefore, Corus had no constructive notice of these unrecorded liens. See, e.g., *Mukamal v. Lima (In re All Star Mortgage Fin. Corp.)*, 411 B.R. 774, 780–81 (Bankr.S.D.Fla.2009) (trustee had no constructive notice of equitable liens not recorded in public records).

■■■■ In regards to actual notice, the Original Purchasers argue that CCV had actual notice of the equitable lien because of (1) two voidability provisions in the contract and (2) the Florida Statutes. The first voidability provision, located on the first page of the purchase agreement, reads:

> This agreement is voidable by buyer by delivering written notice of the buyer's intention to cancel within fifteen (15) days after the date of execution of this agreement, and receipt by buyer of all items required to be delivered to him by the developer under section 718.503. Florida Statutes.

The second voidability provision, located on page nine of the purchase agreement, reads:

This agreement is also voidable by buyer by delivering written notice of the buyer's intention to cancel within fifteen (15) days after the date of receipt from developer of any amendment which materially alters or modifies the offering in a manner that is adverse to the buyer
. . .

These provisions, however, are not sufficient to place the bank on actual notice of an equitable lien based on the possibility that a contract could be voided in the future. Additionally, CCV cannot be held to have had actual notice of an equitable lien because the applicable Florida Statute does not require a return of the Special Deposits.

### Fla. Stat. § 718.202

The Original Purchasers are correct that the return of the deposits is based on Florida law. Fla. Stat. § 718.503(1)(b) (2005) provides that, "the [purchase] contract may be voided . . . entitling the person to a refund of any deposit together with interest thereon as provided in s. 718.202." However, upon further reading of the statute, it is clear that the Original Purchaser's belief that the statute requires a return of all monies paid is misplaced. The Original Purchasers are only entitled to funds in the Special Deposit escrow account that have not been used for construction purposes.

▇ Fla. Stat. § 718.202(2) (2005) states that the Special Deposits "may not be used by the developer . . . except as provided in subsection (3) or except for refund to the buyer." The third subsection reads:

If the contract for sale of the condominium unit so provides, the developer may withdraw escrow funds in excess of 10 percent of the purchase price from the special account . . . when the construction of improvements has begun. He or

she may use the funds in the actual construction and development of the condominium property in which the unit to be sold is located.

In other words, where a purchase contract for a condominium has been properly voided and the contract provides that the Special Deposits may be used in construction, a return of the Special Deposit is limited to the funds that have not been used in construction. If the funds have been used, the Fla. Stat. § 718.202 does not mandate their return.

CCV used most, if not all, of the Special Deposits for construction purposes. Since the statute does not provide for a return of the Special Deposits, CCV cannot be charged with actual notice based on the contract or the Florida Statutes.

### *Conclusion*

In this case, the Original Purchasers sought a return of their Special Deposits after voiding their purchase agreements. The Original Purchasers are entitled to assert an equitable lien, as a matter of Florida law. However, the Original Purchaser's equitable lien is subordinate to CCV's mortgage. The Court, having heard argument from counsel, considered the evidence submitted with the Motion, the Court's records, of which the Court takes judicial notice, and otherwise being fully advised as to the premises; and all parties having due notice; it is hereby ORDER, ADJUDGED AND DECREED:

1. Pursuant to Federal Rule of Civil Procedure 56 (made applicable hereto by Federal Rule of Bankruptcy Procedure 7056), summary judgment is entered in favor of plaintiff Corus Construction Venture, LLC on Count I of the Complaint and against the Adkins and Bell Defendants on their Counterclaim I.

2. The Original Purchasers have an equitable lien in and to the Project Assets,

which consists of: (a) the real property commonly described as 9902 South Thomas Drive, Panama City Beach, Florida, and legally described as set forth in the public records of Bay County, Florida, as File No. 2005037998, Official Record Book 2609, at Page 391, and an adjacent office building commonly known as the Sunsations Property, located at 10279 Front Beach Road, Panama City, Florida; (b) 765 residential condominium units and approximately 91,000 square feet of commercial units available for the development of offices, restaurants and retail shops; and (c) common areas and amenities.

3. The Original Purchasers' equitable lien is junior in priority to the mortgage of Corus Construction Venture, LLC.

4. The Court, having balanced the judicial administrative interest in avoiding piecemeal appeals with the danger of hardship or injustice associated with delay, and in the exercise of its discretion, hereby finds that there is no just reason for delay. The Court so finds because: (a) Corus Construction Venture, LLC would suffer a hardship if the judgment is not certified as final; (b) this complex chapter 11 case will be advanced by entering a final judgment determining which parties hold enforceable security interests in and to the Project Assets; and (c) finally resolving any uncertainty regarding the parties' interests in and to the Project Assets furthers the public policy goal in bankruptcy proceedings to secure a prompt and effectual administration and settlement of the estate of debtors within a limited period. Accordingly, and pursuant to Federal Rules of Civil Procedure 54(b) and 58 (made applicable hereto by Federal Rules of Bankruptcy Procedure 7054(a) and 7058), the Clerk of the Court is hereby directed to enter final judgments on separate documents against each Original Purchaser as identified in Exhibit A.

5. Pursuant to Federal Rule of Civil Procedure 70(a) (made applicable hereto by Federal Rule of Bankruptcy Procedure 7070), the Court hereby authorizes Corus Construction Venture, LLC (or its designee) to record with the Bay County Clerk of Courts any documents that are necessary to release, discharge and/or expunge any lis pendens notices any of the Original Purchasers have recorded against any part of the Project Assets.

**DONE AND ORDERED.**

### Exhibit A

*Bell Defendants*

PETER BELL; TONI BELL; RON SMITH; AMBER LOOPER

*Adkins Defendants*

JONATHAN R. ADKINS; BOBBY R. CANNON; JANET CANNON; CARL G. CLEMENTS; VICKI S. CLEMENTS; MICHAEL BAUM; SARA KATHRYN LaVANCHE; MICKEY COHN a/k/a MORRIS COHN; STANLEY COHN; CLAUDIA COHN; BARRY J. COHN; THE COLONIAL GROUP, MARTHA DANIEL; CLIFFORD P. DAVIS, JAMES W. DeRUITTER; MICHAEL EVANS; THE JMJ GROUP, LLC; YVONNE HARRIS; JACKIE STALLINGSEVANS; MICHAEL ROBEY; FRED W. FISHER; MARY ANGELYN FISHER; TOM FRAZIER; RODNEY M. HAWTHORNE; MARK HESS; RICHARD HESS; DONNA HOOKER; JERRY L. WALLACE; PAT T. WALLACE; CHARLES E. HOUSTON; TY D. OLSON; GLENN J. WILLIAMS; TERESA S. WILLIAMS; JANET JAISWAL–ADAMS; CHRISTIAN D. ADAMS; CAROLYN KENDALL; JAMES KNIGHT; SHEILA KNIGHT; W. EDWARD MEEKS; CAROLYN MEEKS; DOUGLAS LACKEY; ROSSLYNN E. LAMBERT; JOANNA E. ARRINGTON;

CHARLOTTE MATTINGLY; CHARLES MUELLER; CATHERINE MUELLER; ROBERT BURDETTE; DONNA S. BURDETTE, CHARLES O. PETERS; RICHARD T. SMITH, JR.; R. SCOTT SWEDENBURG; TODD S. TAYLOR; REGINA A. TAYLOR; JAMES N. TOWNSEND; JAMES L. TOWNSEND; JEREMY TOWNSEND; RAMONA TOWNSEND; TONI TRAINA; TERRY S. VARGA; CLAUDE R. WALLACE; DOUG WILLIAMS; LARRY E. GREATHOUSE; RANDOLPH BALTZ; SHERRY BALTZ; AUGUST J. BRESCIA; MARK E. BROWN; LEAH W. BROWN; RANDAL D. COMPTON; LISA A. COMPTON; ELIZABETH S. DOYLE; MICHAEL B. DOYLE, II; EQUITY TRUST COMPANY, as custodian for the benefit of THE JEFFREY ALAN GADBOYS IRA; J. SQUARED VENTURES, LLC; MICHAEL HINKEBEIN; LAURA L. HINKEBEIN; JACK W. JACKMAN; SHERRY C. JACKMAN; MARK W. JORDAN; MICHAEL G. CULBRETH; KEVIN KING; BARBARA KING; BETTY R. HEROLD; MARY ANN MARI, as Trustee of THE MARY ANN MARI 1985 LIVING TRUST; NEELINDER S. MAYELL; MOHINDER P.S. MAYELL; MARTIN S. MEDVE; KATRINA L. MEDVE; TERRY A. NEMISH; BRIAN K. PIKE; MICHAEL G. SCAPIN; JOHN G. SCAPIN; BRIAN SCOTT SUTTON; POLLY W. SCOTT; DONALD E. SCOTT, JR.; ROGER BRADLEY; HEATHER L. BRADLEY; ROBERT W. SMITH; STEVEN T. MALBIS; JERRY STEELE; FRANK C. STEELE, JR.; D.K. III, LLC; CONNIE WEHNER; MICHAEL J. WEHNER; CHARLES T. WIGGINS; CHARLES RAY; WILLIAMSON; JEFFREY A. GADBOYS; DARLA YEARTY; CHARLES ARANT; MICHAEL BUSH; DAVID E. CLARY; KIMBERLY A. CLARY; RONALD W. COOPER; DIANE R. COOPER; CHARLES DYE; SHEILA DYE; JOSEPH FERRARO; KEITH L. FULLER; PENNY L. FULLER; ANDREW W. HAMILTON; CAROLINE HAMILTON; DAVID C. HANNAH; BETTY P. HANNAH; DENNIS D. HOEFLE; JONATHAN HOOD; MARY RUTH HOOD; CARLTON LEDBETTER; CHAD A. SHULTZ; CLEVE B. SHULTZ; JOHN W. STICH; SAMUEL S. SULSER; JUDITH W. SULSER; DOUGLAS WILLIAMS; SUBURBAN FURNITURE MART, INC.; SUNNY WONG; WENDY MO; THOMAS W. GABRIEL; JOHN B. DYSON; BRIAN JOHNSON; THOMAS AIU; BRENDA ESTES; DAVID RHYNE; JAMES GRUNDBERG a/k/a JIM GRUNDBERG; HAL COBLE; DARR McKEWON; WYNELL ANDERSON KING, LP; and ANYBODY ELSE, LP.